The first case of the morning, Paul 208-889, people of the state of Illinois v. Udell, T. Rogers, on behalf of the Appalachians, this is Paul J. Glazer, on behalf of the Appalachians, and this is Amy Sykes Johnson. Good morning, counsel. Good morning, Your Honors. May it please the Court. Udell Rogers appeals his conviction for the offense of criminal sexual assault, which followed a jury trial in DuPage County. The issue in this case is whether the trial judge's failure to ask each potential juror whether he or she understood and accepted all the four principles set out in People v. Zerr, as required by Supreme Court Rule 431B, can be excused. We say no because we view the rule as setting out a requirement, not a suggestion. Before getting into the real merits of the case, I would like to point out a grievous technical error in my reply brief on page 1. There is a case, Dewar v. Thompson, which is pending before the Illinois Supreme Court. In fact, it was argued May 12th. The docket number I have in the reply brief is wrong. I can't understand why. I don't know how that happened, but the correct docket number is 109-109033. Thank you, counsel. Are you suggesting, Mr. Glazer, that we should postpone rendering a decision until after that case has been published? Well, from the view of judicial economy, that would be certainly an unwise course. I know this court's practice to proceed and decide cases and let the party who loses go ahead and file PLA. So certainly there's enough precedent from this court and precedent from the rest of the courts in the state to reach a decision here. We've been down this road before, and that's the basic point I want to make this morning. We've been down this road before with Supreme Court Rule 604D. In that case, we had a Supreme Court rule that requires attorneys to file a certificate that says certain things, and if he or she doesn't do it, it's wrong, it's an error, and the case has to go back for new proceedings. Is this per se reversible error? Yes, Your Honor. That's your position, per se reversible, based on what authority? Based on, it's a Supreme Court rule, the same as 604D. Now, it's different than a constitutional right, though, is it not? I'm real troubled by that finding. I know in Glasper, the only Supreme Court said it wasn't a Supreme Court rule. And they compared it to the prosecution asking the question of a defendant with regard to remaining silent and saying that if that happened, that isn't reversible error. My problem with the conclusion that it's not a constitutional right, it doesn't score my reading of the Sixth Amendment of the United States Constitution, Article I, Section 8 of the Illinois Constitution, which provides a person has a right, a constitutional right, to an impartial jury. These questions go directly in the zero case. It says these questions are essential to determining whether the jury is fair or not. So you're saying this is structural error? Absolutely. Absolutely. This goes to the basic structure of whether the trial, the defendant has a trial before a fair and unbiased jury or simply a 12 people who walked in the door. And, again, the presence, the current version of 431B, the Committee of Commons itself, say that it was intended to assure compliance with the requirements of ZERR. So Glasper is, you know, fine enough for Glasper, but I'm going back to ZERR. And when you read the ZERR decision, the court is clear. They say this is essential to the right of a fair and unbiased jury. Now, is that how you read Blair and Schaeffer in the Second District? Absolutely. It's a structural error, and it goes to the integral fairness of a trial. But now isn't our case, I'm sorry, isn't our case distinguishable from the facts in Blair and Schaeffer? The errors there were far more egregious in terms of omitting completely for probably all the jurors a number of rights or asking whether the juror not only understood but accepted. Here, our court did a lot more than that. Isn't that correct? There's two responses to that. First of all, in this case, going with the facts here, the judge failed to ask 11 of the 12 jurors whether they understood any of the ZERR principles. He failed to ask or failed to question 10 of the 12 whether they understood the defendant was not required to offer any evidence on his own behalf. The remaining two jurors were not specifically told the defendant was not required to offer any evidence. The judge just asked generally if they had any quarrel with the fact that the defendant didn't have to do anything, quote, unquote, whatever that means. That is failure under 431B. And if we're going to judge, did the judge come with substantial compliance, whatever, again, it goes to a 604D certificate. If a lawyer says I reviewed the proceedings of a sentencing hearing but doesn't say he reviews the plea, the transcripts from a guilty plea hearing, even if he's just filed a motion to reconsider a sentence, it's still error under 604D? It's plain error. Do I disagree with the Supreme Court in ZERR? Do I disagree? No. Do you disagree with Glasper? Yes, with all due respect. Based upon those two answers, how am I supposed to conclude that in the former you understood or didn't understand but in the latter you did or you didn't? Glasper was reviewing 431B, the old version of 431B. The new version, the version that was in application at the time of this trial here, is the rule that requires the judge to make sure the jury understands and accepts each of those four principles. My point is, holistically, if people don't have disagreement with something, how do you conclude that they didn't understand it? I think we look at the fact that the Supreme Court certainly isn't telling their opinion and five of the judges in that particular case found that there would be no problem because of the rule. Well, my point is that you supposedly agree with ZERR, but that doesn't necessarily mean that you understand it. You disagree with Glasper, but that doesn't necessarily mean you understand that either. So my point is, the fact that they didn't ask a question about do you understand, how do we determine whether or not they understood it? Is it something other than the fact that they didn't voice an objection or that they said they could quote-unquote go along with the things that the trial court was suggesting they should do? Maybe I'm answering your question with your same words, but if the judge doesn't ask the jury how they understood, if they understand something, we don't know if they understand something. My point is, how can you answer any question if you don't understand it? How can you answer a question without being asked a question? If you're asked a question and you're asked do you agree or disagree with something and you don't understand it, is it more reasonable to assume or conclude that they would say, I'm sorry, but I don't understand the question? If the question's asked, then it wasn't asked here. And in our situation, wasn't the voir dire atmosphere one where jurors did speak up, perhaps not specifically on this particular issue, and offer some additional information to the judge so that it seems that certainly from reading the transcript that there was a give and take and an opportunity if someone didn't understand what the judge had told them that they could have spoken up? But they weren't, the first couple of words that you spoke are the answer as to this issue. And they weren't directed to discuss this particular, these concepts. And that's where the noncompliance with 431B comes in. In Glasper, the court couched its finding by saying the language and history of 431, that language and history has changed since the time of the Glasper trial. It's changed by the Supreme Court announcing a new rule, not a suggestion, that fourth, the judge has to do these things in compliance out of respect for their, and that wasn't done here. Supreme Court rules have to be construed the same as state statutes. And an amenitory change to a state statute creates a presumption that it was intended to change the law as it existed previously. So the law that was in effect at the time of Glasper is no longer the law. The law of Glasper is a nice museum piece, but that's as far as it goes. As the, in the days of the Glasper trial, the version of 431-0 was a permissive set of questions. Now it's required. All right, so let's assume that there's a plain error analysis that we have to do. Prompt one is inapplicable here. Prompt two, we do not look at how severe the error was. In other words, look at the particular facts and circumstances of this case to see how it may or may not, how the question may or may not, or the error may or may not have impacted whether or not there was a fair and impartial jury selected. Both the state and us have cited cases on both sides of it. Five, six, seven cases. They're all good cases, all fine, well-meaning cases. The case, the issues before the audience have been brought up. This is a real slippery slope. If we start saying, well, judges, you can ask three of the four. It's okay. You can substantially comply with the rules. It's okay. The judges in this, the judges in the trial bar in this state have to know, have to understand that this is the rule. You've got to ask the jury these questions and make sure they understand these concepts. And if you don't do it, it's reversible error. If we start playing with substantial compliance and weighing the evidence, it's not the rule. We'll just wipe the page off, wipe the paragraph out of the rule. It's worked. It's worked. It's worked for 604D. And judges and lawyers know they've got to file that darn certificate. It has to be in file. And the burden's on both the judge and the prosecutor to make sure the defense counsel does his job, her job. The same rule, the same approach should be taken with this rule here. All right, in this particular rule, as opposed to 604D, the Supreme Court has actually put the onus on the judge. The judge shall. What if the judge doesn't? And I listened to the Supreme Court argument. What if the judge doesn't and the defense attorney's sitting there going, I don't have a very good case. I'm not going to tell the judge that he or she didn't ask that question. If we say it's reversible per se, we're letting a new and, I think, kind of illegitimate strategy into the trial. I have a couple problems with that approach, with that fear. One, it neglects that there is a prosecutor in the courtroom as well. And the prosecutor can approach the judge and judge under 431B, you've got to do this. You have to do this. So there is a prosecutor in the courtroom. Two, it presumes that all the- There's a prosecutor in the courtroom in 604D, too, and it doesn't work out well sometimes. And when they don't do their job, there's relief. It presumes bad motives on the part of the defense bar. I don't think it's a strategy that's going to do a defense attorney very well over the course of time. If he or she develops a reputation for being quiet and letting judges violate 431B all the time, it's going to come back to haunt the person. I don't think that's- It also- Again, judges have an obligation, have a duty under this rule to do this as part of their job. And I don't see anything wrong with requiring a judge to do what they're supposed to do. Do you think that the jury, having found the defendant not guilty on two-thirds of the charges, might not be prejudiced against him? In other words, if they were truly prejudiced, they would have found all the charges against him. That kind of goes to the first problem of the plain error, too. Was the evidence overwhelming or not? And I don't think we can look at that. We can't look at that. The time to look at this error is at the four-year time. And it could well be the jury felt, well, this guy had to testify. All right, he testified. That was the minimum he had to do. Okay, fine. The jurors watch television. They watch movies. They don't understand what the law is. That's why there's this rule, because you're not going to learn about these four principles by watching Law and Order or The Good Wife or something. That's what lay people watch. They don't know these rules. Whose burden is it to establish prejudicial error in this instance? Is it the State's burden to prove beyond a reasonable doubt that there was no error, prejudicial error? Or is it the defendant's burden to establish that the error, which is patently obvious, was prejudicial? As the appellant, it's our obligation to prove that an error has occurred. And the State in their brief has conceded that the judge didn't properly ask the questions under 431B. So the next question, the only remaining question here is, is it structural error? Is it reversible error? Or is it some kind of a minor error? Don't worry about it. We'll do better next time. In the Blair case and the other case, it would appear that the analysis addressed the merits, the factual circumstances, the totality of the case to determine whether prejudice existed, which suggests that each case is sui generis. Does it not? Well, every case comes before this Court by its own merits. Well, the way you're arguing it is that this is so fundamental. This is a sine qua non such that we really don't have to, or you don't have to, establish a very heavy, you don't have a heavy burden in establishing prejudicial error. Blair and Schaefer, along with the majority of the decisions of the plaintiffs, at least in Blair and Schaefer, recognize the structural nature of the error here. That's what we've got. And we don't have to go to the weight of the evidence. It's structural error. It's definitely a violation of 431B. Therefore, it's reversible error. Well, that's not, though, the way they made the decision. If that's the case, they would never have talked about the facts. And I think specifically in Blair, the majority says something like, based upon the error of this practice and the facts in this case. If they didn't care about the facts, if this was structural per se back to the, you know, back or just an outright reversal, they wouldn't have had to say and anything. My reading of their view of the facts of the case go to the facts of the circumstances surrounding the judge's questioning of the jury. And we've got similar facts here with the judge failing to ask, as I said before, 11 and 12 about this and 10 and 12 about that. We also have a judge who doesn't just make one mistake to one juror. It's a repeated mistake over the course of the voir dire process to many jurors. Well, in our case, just to finish up here, though, the defendant testified, his wife testified. That's correct. I don't think that was the case, at least in one of them. I don't think in Schaefer there was testimony. So there are some additional differences, but we can discuss those on rebuttal. Okay. Therefore, I'm going to ask that this Court follow Blair and Schaefer and grant my reversal of the conviction here and grant my client a new trial. Thank you. Thank you. Ms. Johnson. Good morning. Good morning. May it please the Court. I guess I would begin by saying, yes, the State acknowledges that this was not a perfect compliance. Four of the six jurors in the first panel and all six of the jurors in the second panel were not told that the defendant had the right not to present evidence on his own behalf. But that has to be weighed with the fact that, as you mentioned near the end just prior, the defendant in this case did put on his own evidence. So that severely diminishes the error that occurred here. They weren't told he had to, but the fact is he did. And I think it's based on unique facts and circumstances of every case that this must be reviewed as all other plain error cases and look at the totality of the circumstances. This is not a structural error. I simply and wholeheartedly disagree. And I cited in my brief extensively the U.S. Supreme Court cases, the Illinois Supreme Court cases. Structural errors only apply to constitutional errors and then only to a very limited number of constitutional errors. Rule 431B questioning is not a constitutional right, not under the U.S. Constitution, not under the Illinois Constitution. What about, though, what it is designed, at least on its face and comments, to preserve, and that is a fair and impartial jury for a fair and impartial trial? That is a constitutional right, correct? Yes, it is. And it is an important right. As Zaire has said, it is essential that you have an unbiased jury. But under a plain error, not but, and under a plain error analysis, you have to look to see if there was that biased jury. Defendant makes no argument that there was any bias. There appears in the record that the state has reviewed no evidence that there was any bias. The jury was impartial. They looked at all of the information, and they did not, they found him not guilty, as stated, on several of the charges. There is no evidence of bias, and in that case, it is fair for the state to argue, as I do, that the error occurred, but it was harmless beyond a reasonable doubt. And that, again, is based on all of the circumstances and the facts of this case. Now, there was one juror, actually, who was admonished or informed of all four principles, isn't that correct, and asked if he or she understood those principles and accepted them. I think that was, we call, Juror B specifically. I believe there were two. Okay. The way I review, and I know that some of this has to do with whether you find the way the trial court asked a question, there is some interpretation of whether clearly the state believes that the way it was asked, it was appropriate. By my account in the record, there were two that were thoroughly asked all questions. Right, and the others were seated there as well. The record reflects that there were certainly jurors sitting in the jury box who had not been accepted at that particular time who heard that exchange. Is that correct? Correct, and during the trial court's initial comments to the entire group, they were told of all four of the ZARE principles, which, again, in defendant's brief, that is acknowledged. And at the end of the case, the jurors who were seated were given the instructions, and at that time they did not give the instruction on the defendant's right not to present evidence because, again, he did, so that was not a necessary instruction. And when looking at the totality, again, of the circumstances, it is fair to look at the fact that they were told of all of these, not during the questioning period, but they were told initially and repeatedly throughout that initial address by the trial court of all four ZARE principles, they were instructed correctly at the end. And the fact of the matter is the instruction that was left out was the fact that defendant didn't need to present a defense, and the fact is he did. So this is why plain error is clearly not only the necessary review, but the appropriate one. Structural error, as has been stated, is such an enormous error that it does affect the integrity. And so far the categories of structural error include complete denial of counsel, denial of self-representation at trial, trial before a biased judge, denial of a public trial, racial discrimination in the selection of the jury, and a defective reasonable doubt instruction. That does not even begin to compare to the error that happened here. What is your source for that list? This was taken out of a Supreme Court case, and it was kind of a conglomeration, Washington v. Vicunto? How do you spell that? I can give you the site. Okay. It's 548 U.S. 212, and it's R-E-C-U-N-U-E-N-C-O. Thank you. Now, instructions cannot cure the error, can they? Correct, but they can be considered when looking at the totality of the circumstances. Are there any similarities between the facts in this case and the situation where a defendant does not testify, but the trial court fails to rule on motions in limine relating to convictions that would be used to impeach for the defendant to testify? Are there differences in the facts under those circumstances? No. Are there similarities or parallels between what you just said and what I just said? I don't know if I can fairly answer that. I think that clearly where a defendant doesn't testify and the jury has been made aware of past convictions that would play on his credibility and make them possibly question the reliability of his testimony, but then he doesn't testify, I realize that that is a difficult situation, but I don't think it does compare to the facts that we have here. Well, in the motion in limine situation, it's not deemed to be reversible error, even though it's error to refuse to rule on motions in limine before the defendant decides to testify or not to testify. The Supreme Court has said it's not prejudicial error unless the defendant testifies, and then after he testifies, finds out what gave him and what hope he got. And if I am correct, that the trial court has also, though, allowed throughout the trial to reconsider their rulings on motions in limine, which I think gives the trial court the opportunity to correct it once the defendant has made the decision. Mr. Glazer takes issue with the fact that the trial court said something like, do you understand that the defendant doesn't have to do anything? We have several Supreme Court rules that tell us about admonitions to litigants and things, and in most of those decisions, as I recall, not using the exact words has not been a problem because sometimes the exact words are legalese that might not be understandable to someone standing in front of you. What do you think about this particular situation? I think that, not the clearest words, I mean, I recognize that, but I think that they still accurately reflect what was supposed to be told, and I think they also accurately gave all of the jurors the opportunity to say, I'm not sure if I understand that. He didn't have to prove anything. He didn't have to testify to anything. It was very clear, and that statement in a very brief way indicates it was the state's responsibility to prove the defendant guilty. It was not the defendant's responsibility to do otherwise, to prove his innocence. Did it cover, I mean, could it be reasonably said to cover all four principles, or would it only cover maybe not present evidence, not testify on his own behalf? I mean, do you think it could be an umbrella to cover all four principles? I think that it could. I don't think in this, and again, I apologize if I have the facts wrong. In this case, my understanding is that that phrase was not used to apply to all four of them. It was only applying to the not being required to, I believe it was to testify, and again, acknowledging that it didn't apply to not having to present evidence since that was not asked. I think it would be difficult if that was, it would be a more difficult challenge on my part to say that it was correct if it did apply to all of them, but that was not the facts here. The Supreme Court in Glassboro was careful to say that it applied, it was looking at the rule as it was then drafted. We all know that the rule has been changed. What do you see the intent of the Supreme Court was in changing the rule, if not to imply or mean that there should be strict compliance with it? I agree that the change in the Supreme Court rule was to put the burden on the judge to see that all of the jurors were told of this rather than waiting for the defense counsel to ask for them. But that being said, as most Supreme Court rules are on the shoulders of the trial judge to give the admonishments, to give the instructions, in this case to give the 431 questioning. So it was only the focus changed as to whether it had to come from the defendant or whether it was the responsibility of the trial judge. Yes. But what did that shift mean, do you think? I think that as they said, that they found these 4 questions to be important, essential questions. And again, the shift being that prior to that, there was not the importance placed on them and it was left to the defendant to decide whether he or she felt they were important enough to be presented to the jury. I think clearly the ruling indicates they are important and they are important in all cases to ensure the fair trial and that the jurors are fairly made aware of what the responsibilities of the defendant and the state both are. And as Justice Hutchinson's earlier question implied, weren't they key to assuring that a fair and impartial jury was impaneled so that the defendant could get a fair trial? That is the goal of them. But as with other rules, and here, it is still, it's not an out for a defendant to sit back and say, I recognize an error, but it's not my responsibility to bring it to the trial court's attention. When they fail to do that, we still go through a plain error analysis when it isn't a structural error. And this is not a structural error. All other errors are amenable to harmless error analysis. So we have, as you said, the first prong, the closely balanced evidence is not an issue here. Under the second prong, it is the defendant's burden to establish prejudice. There's been no even attempt to establish prejudice. Simply, rather, they're relying on the fact that they disagree with my position and argue this is structural error. This case and the facts of this case are a prime example of why that is wrong. Yes, there was error, but it did not destroy the integrity of the process. The error here was not telling the jury defendant didn't have to present evidence. Defendant presented evidence. So what more? Again, it would have, in hindsight, been an instruction to the court that although it would have been proper and it was the right thing to do, it would not have been something for the jury to consider during deliberations. We need to keep in mind defendant doesn't have to present evidence because he did. The exact reason that the instruction at the end prior to deliberation was not given. It was moot. We didn't need to instruct him about that. And again, I don't want this to be taken as me suggesting that the trial court should be given a pass. But we do have to look at all of these facts. And on these sets of facts, there was no plain error. There was no prejudice. On another set of facts, it may be the case. But that's why under plain error, you always look at the facts and the circumstances. Well, how different were Blair and Schaffer? And there, the courts reversed? In Blair and Schaffer, I believe that there were more omissions during that instructions. And during those instructions, the omissions that took place were not something that because of the proceedings during the trials, it made that a moot issue. We're here because he testified to the single thing that was omitted. He testified and he not only testified but put on the defense that made the error. It mitigated the severity of the error. Did the judge in Schaffer even allude to the four principles, any one of the four principles? I think that was one of the problems with Schaffer. I think it was a gross omission. The trial court didn't say anything. Whereas in Blair, there were some admonitions but then maybe thinking I didn't do all of them at the end after they were impaneled. And this is one of the things that Blair took issue with. He said, now, these are the rights you understand. At that point, they're impaneled. What are they going to do, though? No, that's not what I understand. So we don't have that situation here, do we? And, again, those instructions don't cure any error that did take place. But they, again, are to be considered in determining whether the jury was biased, whether the jury was fully informed. And there simply are not facts here to support a finding that this should be reversible error. For Glasper, I recognize the language in there suggesting that this holding applies to the prior version of the rule. That said, the analysis that they used is still appropriate to be used in other cases. That said, the fact that they held it is not a constitutional right to have 431, that's not limited to the way it was before. And that's not limited to who has the responsibility to bring it to some of the jury's attention, correct? Exactly. It's an accurate statement that does not make, in my opinion, Glasper is not a museum case. It is still very, very relevant in determining the analysis that should be applied to all these cases. And the Supreme Court has remanded a number of cases to be considered under the authority of Glasper. And those cases have been both under that prior version and under the current version, which I think also signifies that they see the analytical portion of it to still be very relevant to these 431B cases. Thank you, counsel. Thank you very much. Mr. Glaser. Your Honor, as counsel for the State says that while the judge initially told the jury about these things when the group was all together, the jury started the veneer, the voir dire, and then the judge promptly instructed the jury at the end. That flies in the face of what the new Rule 431B says. In the committee comments, it specifically says that this new language seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law. It also says in 431B, in the actual rule, the court shall ask each potential juror, individually or in a group, whether the juror understands and accepts the following four principles. That's not accomplished by the general, welcome to my courtroom, here's a couple of things you should know. It's not what the Rule 431B was established to end in practice. As far as instructions. If the admonitions are given to four panel members sitting in the box, but everybody else is in the room, does it have to be repeated then to each person as they come up? Or can the judge say, did you hear me ask those questions? The answer is yes. Do you have any issues with those principles? I think given the significance of these four principles, the judge needs to do a little more than just were you in the room when I talked about other things. The judge should specifically say, were you here when I asked about the questions, when I talked about the principles of burden of proof and defended not having to present evidence and testify. A shorthand of that would be fine, but we don't even have that here. Here, as far as instructions, there itself says in page 477, this is 103 Hill 2nd. If a juror has a prejudice against any of these basic guarantees and instruction given at the end of the trial, will have little curative effect. So instructions don't do it. Justice McClaren, regarding your question about motions eliminated by priors, is there any analogy? I don't think it is in myself. I don't know if I would like it to there be one or not, but I can see that not being a structural error. Whether a defendant presents sufficient evidence, whether he can be impeached or not, isn't really the same structural error as whether the jury is biased or unbiased. I think that the apples and oranges things are with all due respect. The point was that the Supreme Court decided that the only way a prejudicial error could be established is if the defendant had to testify, which conversely in this case may be the only way the defendant can establish prejudicial error regarding the admonition concerning the privilege of not incriminating himself and nothing should be inferred or implied by it can only be perfected by not testifying. I understand where you're coming from, but I can say this is not the first case where the defendant has testified and is seeking 431B relief. Certainly Schaefer, his first case pops to mind, the defendant Schaefer did in fact testify at his trial and he was granted reversal. Speaking of those two cases, as far as comparing the errors there, in Schaefer, the court failed to inform the prospective jurors that the defendant was not required to present any evidence. The defendant's failure to testify cannot be held against him. The court never asked the prospective jurors whether they understood and accepted these principles. In Blair, the trial court didn't ensure the prospective jurors from the second and third panels had the opportunity to respond whether they understood and accepted Xer. The error of the court here, as I recounted in my opening, is just as erroneous as those in Blair and Schaefer. This is not simply an academic thing the judge didn't do, didn't properly admonish or properly examine or admonish the prospective jurors. In 11 or 12, most of the jurors were not given the opportunity to say whether they understood and accepted these principles. If neither Xer nor Glasper identified this problem as structural, how does the change to today's 431 create that by simply changing who has the burden of making sure the question is asked? Because they say, Glasper clearly says it's based on current 431 and anticipating maybe knowing at the time they were going to make a change. But what the change was, it went from the defense counsel could ask to the trial judge shall. It's changing who. How do we know now it's structural when it wasn't in Xer or in Glasper? I have to agree that in Glasper they say it's not structural. But if you read Xer, when I read Xer, it seems to say it's essential, it's essential. These are essential at least once or twice. To me that means it's structural. In fact, the Supreme Court even drafted a rule to make it part of the day-in, day-out practices of courts in this state. That makes it structural. Maybe they changed their mind when they got to Glasper. And they have the right to do this. Yes, they do. Unfortunately or unfortunately, we have to decide a case based on what the law is right now. They could have changed 431B again if they wanted to. Counsel cites all these cases the Supreme Court has set up. I read them and they haven't cited any of the cases, so I don't know what those cases said. They're not of precedential value anyway. But the fact that the Supreme Court has enacted a rule, to me that makes it structural. And that's why we think regardless of the sufficiency of the evidence, regardless of the first prong of the plain error approach, our client here is entitled to a new trial because he was prejudiced, his cases were not prejudiced. Yes, he had a potentially biased jury here because the judge failed to do what the judge was supposed to do. And for that reason, Mr. Rogers deserves a new trial. If you were asked why you tried to find this problem, would your response be because it's there? Because it's there or because it's there? Okay. That's good. Touche. Thank you both. Your arguments today, counsel, were both outstanding, and the court is very appreciative of the effort that you both put into this. At this time, the court will take the matter under advisement and render a decision in due course. The court stands in brief recess until the next case. Thank you.